**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Commissioners of Public Works of the Town of Mount Pleasant, South Carolina, Respondent,

v.

Henry Swinton, Jr., Leroy Swinton, Earsilee Nesbit, Jack Swinton, Charles Swinton, Nathaniel Swinton, and James Swinton, Appellants.

Appellate Case No. 2012-212950

———————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————

Unpublished Opinion No. 2013-UP-169
Heard March 14, 2013 – Filed April 24, 2013

———————

**AFFIRMED**

———————

Christopher L. Murphy, of Stuckey Law Offices, LLC, of Charleston, for Appellants.

James A. Bruorton, IV, and Timothy J.W. Muller, of Rosen, Rosen & Hagood, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** Henry Swinton, Jr., Leroy Swinton, Earsilee Nesbit, Jack Swinton, Charles Swinton, Nathaniel Swinton, and James Swinton (collectively,

the Swintons) appeal from a condemnation proceeding, in which the master-in-equity granted the Commissioners of the Public Works of the Town of Mount Pleasant (CPW) a water and sewer easement across the Swintons' property. On appeal, the Swintons argue the testimony of CPW's expert on the easement's value was inadmissible. The Swintons contend CPW's failure to present any admissible evidence on the value of the Swintons' property required the master to grant their motion for a directed verdict and accept the Swintons' valuation of their property as a matter of law. We affirm.

The master did not err in denying their directed verdict motion. Initially, we note the Swintons frame their appeal as one from the denial of a directed verdict motion. Although the Swintons' motion at the close of the evidence was couched as a "directed verdict" motion, governed by Rule 50, SCRCP, this was a non-jury action. Because Rule 50, by its nature, is only applicable to jury trials, the proper motion was a motion for involuntary non-suit under Rule 41, SCRCP. *See Waterpointe I Prop. Owner's Ass'n, Inc. v. Paragon, Inc.*, 342 S.C. 454, 458, 536 S.E.2d 878, 880 (Ct. App. 2000) (noting that a motion styled as a directed verdict in non-jury action was a motion for non-suit under Rule 41(b), SCRCP, and therefore reviewing as such); *see also* Rule 41(b), SCRCP ("After the plaintiff in an action tried by the court without a jury has completed the presentation of his evidence, the defendant[] . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief."). Therefore, the Swintons' appeal is from the master's factual findings as a judge in a non-jury action at law. *See Sea Cabins on the Ocean IV Homeowners Ass'n, Inc. v. City of N. Myrtle Beach*, 337 S.C. 380, 388, 523 S.E.2d 193, 197 (Ct. App. 1999) (finding an action brought by a property owner against a municipality for the taking of the owner's property without just compensation is an action at law); *see also Normandy Corp. v. S.C. Dep't of Transp.*, 386 S.C. 393, 402, 688 S.E.2d 136, 141 (Ct. App. 2009) ("Condemnation actions are actions at law."). In an action at law tried without a jury, the master's findings will not be disturbed on appeal unless they are found to be without evidence reasonably supporting them. *See Stanley v. Atl. Title Ins. Co.*, 377 S.C. 405, 409, 661 S.E.2d 62, 64 (2008).

The master was within his discretion to consider CPW's expert testimony in rendering his decision. *See Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 25-26, 609 S.E.2d 506, 509 (2005) (holding the admission or exclusion of an expert's testimony is within the sound discretion of the court and will not be overturned absent an abuse of discretion). We further find the Swintons suffered no prejudice by the master's consideration of CPW's expert testimony as the record clearly reflects that the master afforded the expert's testimony less weight based on the

date the appraisal occurred. *See id.* at 26, 609 S.E.2d at 509 ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the [decision] was influenced by the challenged evidence or the lack thereof.").

In addition, the master specifically held that he accepted the Swintons' valuation of the property, *not* CPW's valuation, in determining the amount of just compensation. At no point in the order does the master state he relied upon CPW's expert's valuation in rendering his decision. Rather, the master held,

> In determining the just compensation for the easement herein, *this Court accepts the Landowner's valuation of the parent tract of land of $100,000.00 per acre* but finds that this value must be reduced to $85,000.00 per acre based on the fact that the Landowners' property is situated in the rear of a subdivided tract of land and has no frontage along Canyon Lane.

(emphasis added). The clear language of the order states the master relied upon the Swintons' valuation but reduced the valuation based on the location of the property in relationship to the entire tract and the lack of direct access to the frontage road. We find this reduction reasonable based on the circumstances and because the award was within the range of evidence presented to the court. *See Stanley*, 377 S.C. at 409, 661 S.E.2d at 64 (finding that in an action at law tried without a jury, the master's findings will not be disturbed on appeal unless they are found to be without evidence reasonably supporting them).

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**